[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-1537

UNITED STATES,

Appellee,

v.

RONALD M. TYLER,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]
[Hon. Margaret J. Kravchuk, U.S. Magistrate Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Walter F. McKee and Lipman & Katz, P.A. on brief for appellant.
Paula D. Silsby, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.

---

September 7, 2001

---

**Per curiam.** Ronald M. Tyler appeals following entry of a conditional guilty plea to a one-count indictment charging use of a false Social Security number in violation of 42 U.S.C. § 408(a)(7)(B). Under the plea agreement, the scope of this appeal is limited solely to the question of whether the district court erred in denying appellant's motion to suppress the Social Security card that provided the basis for the charge, based on the argument that the police officer lacked reasonable suspicion to stop his vehicle and question him. For the reasons that follow, we find no merit to appellant's argument.

Appellant was stopped by a police officer in Ellsworth, Maine on August 1, 2000. The officer had been alerted to appellant's presence in Maine by a pastor of a local church who had once before provided information to the Federal Bureau of Investigation leading to the arrests of two fugitives. According to the pastor, the appellant, who had been attending church services, had spoken to the pastor about making the church his "home church."[1] Appellant explained to the pastor that he had moved from Arkansas shortly after his wife and son were killed in a car accident. The pastor was concerned by

_____

[1] Appellant had been using the alias Mark VanZant.

-2-

appellant's seemingly inconsistent stories about his past, and the aggregation of the quick proximity between the deaths, his move to Maine, and his courtship of a vulnerable member of the pastor's congregation.

Not suspecting appellant of a crime, but wanting to follow up on the pastor's concerns, the officer drove to the house where appellant was living. As he arrived, a gold Oldsmobile Cutlass with Arkansas license plates and a novelty "Aloha" license plate, which he had seen several times in the past, was pulling out of the driveway. The officer testified that he stopped the vehicle on the suspicion that Tyler was its driver and that he had possessed the vehicle in Maine, without registering it, for more than thirty days since establishing residency, a violation of Maine law.[2] The officer's suspicion that appellant had been living in Maine for some time was based on his recollection of having seen the vehicle as long ago as March, and the information from the pastor regarding appellant's intent to remain in Maine. In response to the officer's request for identification, appellant could produce only a Social Security card that did not belong to him. The officer issued a summons for operating without a license and for failure to

---

[2]  Maine law requires that all motor vehicles be registered within thirty days of establishing residency. See 29-A M.R.S.A. § 514.

provide proof of insurance. A federal grand jury subsequently issued an indictment alleging use of a false Social Security number.

Appellant contends that the district court erred in denying his motion to suppress because the police officer was unable to proffer "specific and articulable" facts sufficient to establish reasonable suspicion to stop his vehicle, and the stop therefore violated the Fourth Amendment. See Terry v. Ohio, 392 U.S. 1, 21 (1968) ("[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [an] intrusion."). First, he maintains that the officer had only a vague recollection of having seen the vehicle as early as March. Therefore, he argues, the officer could not reasonably have thought the vehicle had been in Maine for more than thirty days because his only other recollections of having seen the car had been during the month of July. Second, appellant argues that because the officer had never seen the driver of the vehicle, he could not have reasonably inferred that the driver on August 1, 2000 was the same driver that the officer had seen in the past.

The legal determination of whether appellant's Fourth Amendment rights were violated is reviewable de novo. See United States v. Charles, 213 F.3d 10, 18 (1st Cir. 2000). The district

-4-

court's findings of fact, by contrast, are reviewed for clear error. See id. We are satisfied that the officer had a sufficient basis for stopping appellant to ascertain his identity and investigate whether he had violated the state's motor vehicle registration law. Based on information from the pastor, he knew that appellant was from Arkansas. He also knew appellant's address. Upon seeing a vehicle with Arkansas license plates pull out of the driveway of appellant's home, the officer reasonably could have assumed that the driver was appellant. Having some recollection of seeing the vehicle some months before, along with the pastor's information about appellant's involvement in the church community, the officer reasonably could have suspected that appellant had been living in Maine for more than thirty days. The officer's articulated reasons for suspicion were particular to appellant, see United States v. Woodrum, 202 F.3d 1, 7 (1st Cir. 2000), and relied in part on the officer's own knowledge of the vehicle's presence in the area. Taken together, the facts establish that the traffic stop was permissible and the motion to suppress was properly denied.

The judgment of the district court is therefore affirmed.